```
               UNITED STATES DISTRICT COURT

                DISTRICT OF NEW HAMPSHIRE
```

Leila Thompson,
    Plaintiff

    v.                                      Case No. 22-cv-350-SM-SM
                                          Opinion No. 2023 DNH 018

Citigroup Mortgage
Loan Trust 2019-D,
    Defendant


**O R D E R**

Pro se plaintiff Leila Thompson originally brought this suit in the New Hampshire Superior Court, seeking to enjoin the planned foreclosure sale of her home. She also sought an order compelling the servicer of her loan to accept $20,000 in grant money she had received and requiring it to apply that money to her outstanding balance. Finally, Thompson sought a complete statement of her loan status, including an accounting of outstanding principal and interest, pay-off amount, and escrow balance. Defendant, Citigroup Mortgage Loan Trust 2019-D ("Citigroup") timely removed the proceeding to this court. Thompson then filed an amended complaint which, liberally construed, asserts claims under the Real Estate Settlement

Procedures Act, 12 U.S.C. § 2601 et seq., and Regulation X, 12 C.F.R. § 1024.1 et seq.

Pending before the court is Citigroup's motion to dismiss. For the reasons discussed, that motion is denied.

## Background

Accepting the complaint's factual allegations as true – as the court must at this juncture – the relevant background is as follows. Citigroup holds a mortgage deed conveyed by Thompson on property located at 61 Middle Road, Deerfield, New Hampshire. That loan is serviced by Fay Servicing. At some point that loan went into default. Thompson then submitted a Loss Mitigation Application to Fay Servicing and was told that Jorges Flores would be her contact person and would process her application. According to Thompson's complaint:

> Mr. Flores never once returned phone calls, or sent any email or other communication that provided specific information about what was missing, or need, for my application. Nor did Mr. Flores provide any status updates. In addition, he would not provide an explanation as to why he would not accept items that other associates had instructed me would meet the requirements. I was never provided with a clear timeline including dates, and he simply forwarded my application for foreclosure referral and deleted my information from the system. Mr. Flores handled my Loss Mitigation application by not handling my Loss Mitigation application.

2

Amended Complaint (document no. 9) at 2. Thompson's account is supported by a letter attached to her complaint from Matt Manning, Director, HomeOwnership Center, at Affordable Housing Education and Development, Inc. ("AHEAD"). In it, Mr. Manning writes:

> Leila Thompson of 61 Middle Road, Deerfield, NH (NHHAF-1000476) reached out to our organization for assistance to address her mortgage delinquency and difficulties working with FAY Servicing. Ms. Thompson has work[ed] diligently towards finding a solution with Fay that would allow her family to stay in the home. I have contacted Fay on several occasions on the behalf of Leila and have not been able to get any real assistance to determine where her application stands. I have been told on multiple occasions that I will receive a call back, these calls do not happen. I have also been asked to leave voicemails and transferred, these calls are not returned.
>
> Please accept this correspondence as a formal request for Loss Mitigation exemption as it relates to Ms. Thompsons application. Time is of the essence.

Appendix to Amended Complaint (document no. 9-1) at 2, Letter dated June 15, 2022.

Later that summer, Samantha Marshall, Director of Programming & Communications at AHEAD, emailed Thompson, writing:

> Hi Leila, I wanted to provide you an update with conversation I just had with Fay Servicing. I called them today via 312-291-3593 and spoke with Tracy

3

> within their Loss Mitigation Department.  I identified myself as a HUD Housing Counselor and gave her my agency ID #82773.  Tracy informed me that your loan has been forwarded to their Legal Team and she was unable to provide me with any additional information or assist me in any way.  I specifically asked if she could provide me with a breakdown of legal/foreclosure fees being charged to your loan and she said no.  I specifically asked if she could confirm that they have received 3 separate loss mitigation applications/requests from you, and she refused to answer the question.  I specifically asked if she could provide me with the name and contact person for a person within the Legal Team so I could contact them, and she said she would let me know I called.  I again asked if she could provide me with the Legal Team's contact information, she said she could not tell me that.  When I asked one more time for the Legal Team's contact information, she yelled at me "I told you no!" and then hung up the phone.
>
> Unfortunately, at this time my hands are tied as far as what else I can do to help.  If you can obtain a name and contact information for the Legal Team, I would be happy to contact them on your behalf and try to work through this situation.  Due to Fay's unwillingness to work with you I suggest you might try filing a complaint with the Consumer Finance Protection Bureau (CFPB).  The link to file a complaint is here: [link omitted].

Appendix to Amended Complaint at 9.

At some point – it is unclear when - Thompson received a $20,000 housing grant through the Homeowners Assistance Fund. It appears those funds were not applied to her mortgage loan and Fay Servicing scheduled a foreclosure sale of Thompson's home for August 23, 2022.  On August 15, 2022, Thompson filed a pro se complaint in the New Hampshire Superior Court.  As noted

above, she primarily sought to enjoin the scheduled foreclosure sale of her home.  Thompson also sought an order compelling Citigroup/Fay Servicing to credit the $20,000 grant money to the outstanding balance on her mortgage loan.  And, finally, she sought a full accounting or her loan, including a statement of outstanding principal and interest, an explanation of all fees charged, and a payoff amount.  On that same day, the state court enjoined the pending foreclosure.  The State court injunction precluding the foreclosure of Thompson's mortgage deed remains in place.

## Discussion

The amended complaint and attached correspondences from employees at AHEAD paint a decidedly unflattering picture of defendant and its agent, Fay Servicing.  At a minimum, those documents raise questions about whether, during the course of their dealings with Thompson, Citigroup and Fay honored the common law obligations of good faith and fair dealing implied in every New Hampshire contract.  Of course, whether Citigroup and its agent honored their obligations to Thompson under RESPA and Regulation X, and whether Thompson is entitled to the relief she seeks, remains to be seen.  But, liberally interpreting Thompson's pro se complaint, the court concludes that it adequately alleges the essential elements of viable claims.

Perhaps with some discovery, and in light of the recent involvement of legal counsel who are bound by ethical and professional obligations, the parties might restart the process and implement it as it was meant to be implemented. If not, either the court or a jury can certainly resolve the parties' disputes once the record is fully developed.[1]

## Conclusion

For the foregoing reasons, defendant's Motion to Dismiss (**document no. 10**) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

February 21, 2023

cc: Leila J. Thompson, pro se
    Kevin P. Polansky, Esq.

---

[1] It likely goes without saying, but ignoring or slow-walking applications for loss mitigation is not an acceptable practice and may warrant an award of fees or other sanction if the record reveals that such practices forced claimant to file suit simply to obtain relief that should have been afforded in due course administratively. See generally Harkeem v. Adams, 117 N.H. 687, 691 (1977).